UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARTHUR KHAMIS,<br><br>                      Plaintiff,<br>  v.<br><br>7-ELEVEN, INC., *et al.*,<br><br>                      Defendants. | Case No. 3:17-cv-00124-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Arthur Khamis, a former franchisee of Defendant 7-Eleven, Inc., is proceeding pro se and suing 7-Eleven for business negligence, racial discrimination, and professional misconduct. 7-Eleven moved for summary judgment on August 15, 2018 (ECF No. 31), and Khamis sought an extension of time to respond based on his lengthy and unsuccessful efforts to find representation (ECF No. 34; *see also* ECF No. 36 at 2). The Court granted Khamis's request, and Khamis had until October 18, 2018, to file a response to 7-Eleven's motion for summary judgment. (ECF No. 36.) To date, Khamis has not responded. For the following reasons, the Court grants 7-Eleven's motion for summary judgment.

**II.    BACKGROUND**

Khamis brings three claims titled business negligence, racial discrimination, and professional misconduct. (ECF No. 1-1 at 5-7.)

In support of the business negligence claim, Khamis alleges the following. 7-Eleven did not pay his bills or renew important licenses such as money order licenses and EBT food stamp program licenses. (*Id.* at 5.) 7-Eleven made accounting errors that resulted in massive shortages and forced him to sell his franchise. (*Id.*) 7-Eleven did not renew his store front or offer support during his divorce but did renew a storefront for a new

franchisee. (*Id.*) 7-Eleven neglected to pay Khamis's employers' insurance, requiring Khamis to engage in discussions with the state attorney general. (*Id.*) Khamis's gaming license has been put on hold pending investigation. (*Id.*) Khamis was required to pay fines and penalties because of 7-Eleven's accounting errors. (*Id.*)

In support of the racial discrimination claim, Khamis alleges that the following. 7-Eleven field representative Scott Teachnor called Khamis a racial slur and said "go back to your country" when Khamis asked Teachnor to leave the store because Teachnor had been drinking. (*Id.* at 6.) Khamis told 7-Eleven district managers, but they promoted Teachnor to a New York market with more pay. (*Id.*) Another field representative, Dorothy Claypool, made a racially discriminatory comment to him based on the following series of events. (*Id.*) U.S. soldiers in Iraq erected a mock 7-Eleven storefront and sent the picture to 7-Eleven's corporate managers as an expression of gratitude for a care package 7-Eleven had sent. (*Id.*) Claypool had an image of the mock storefront as a screensaver on her laptop. (*Id.*) Claypool knew that Khamis wanted a second store. (*Id.*) When the picture came up on her laptop, Claypool said the following and then laughed loudly: "Look Arthur you can go back to your own country and franchise your 2nd store, it[']s made for you." (*Id.*) Khamis brought this to "everyone's" attention but no action was taken. (*Id.*) The Court construes Khamis's claim for racial discrimination as a claim arising under 42 U.S.C. § 1983 because Khamis filed his Complaint on a form titled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." (*See id.* at 1.)

In support of the professional misconduct claim, Khamis alleges that an individual named "Cindy Ricardson [sic]" did nothing to Scott Teachnor after he made racially discriminatory comments to Khamis. (*Id.* at 7.) Khamis further alleges that an individual named Chuck Kronayk did nothing to Dorothy Claypool (*Id.*) Khamis asserts that this is evidence of racial discrimination underlying the problems he experienced with 7-Eleven as described in his clam for business negligence. (*Id.*) Khamis believes that 7-Eleven used the "churning" effect to flip Khamis's store. (*Id.*) Khamis references "churning" through his

///

Complaint and refers to the Court to a website for additional information about "churning." (*See, e.g.*, *id.*)

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to

testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**IV.     DISCUSSION**

**A.     § 1983 Claim**

7-Eleven argues that Khamis's claim for racial discrimination fails because Khamis has not alleged that 7-Eleven acted under color of law. (ECF No. 31 at 8.) The Court agrees and will grant summary judgment in favor of 7-Eleven on Plaintiff's § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

**B.     Business Negligence and Professional Misconduct Claims**

7-Eleven argues that Khamis's claims for business negligence and professional misconduct fail because there are no such causes of action under Nevada or federal law. (ECF No. 31 at 13.) The Court agrees that Khamis's claim for professional misconduct, even liberally construed, is unsupported by any viable legal theory. (*See* ECF No. 1-1 at 7.) And while Khamis's claim for business negligence might be liberally construed as a

breach of contract claim, Khamis has failed to identify any contractual obligations that 7-Eleven breached. (*See id.* at 5.)

In addition, Khamis signed a release of all claims against 7-Eleven arising out of their franchise relationship. (ECF No. 31 at 9; *see also* ECF No. 31-2 at 15-16.) While the release bears only Khamis's signature and not the signature of a 7-Eleven representative, the release is still enforceable because the parties performed under the attendant settlement agreement, with 7-Eleven forbearing to terminate the franchise agreement while Khamis sold the franchise (ECF No. 31 at 11). *See Conner v. United Rentals, Inc.*, No. 3:06-cv-00618-BES-VPC, 2009 WL 10696203, at *2 (D. Nev. May 8, 2009) ("[A] written agreement may be effective even if both parties have not signed it, if the parties otherwise demonstrate an intent to have a contract."); *Baran v. Venetian Casino Resort, LLC*, No. 2:07-CV-1438-LDG-PAL, 2008 WL 4446994, at *2 (D. Nev. Sept. 26, 2008) ("A contract need not be signed, and the statute of frauds does not bar its enforcement if the parties accept and adopt the contract and assent to its terms . . . ."). Importantly, Khamis does not dispute that the release is enforceable or that the parties performed under the attendant settlement agreement.

Accordingly, the Court will grant summary judgment in favor of 7-Eleven on Khamis's claims for business negligence and professional misconduct.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

///

///

///

///

///

It is therefore ordered that Defendant 7-Eleven's motion for summary judgment (ECF No. 31) is granted. The Clerk of the Court is instructed to enter judgment in favor of 7-Eleven and close this case.

DATED THIS 23rd day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE